# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| A. F. SUPPLY CORPORATION<br>　a New York Corporation<br>942 Lafayette Avenue<br>Brooklyn, NY  11221<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AMERITECH FACILITY SUPPLY, LLC<br>　a Texas Limited Liability Company<br>9050 Autobahn Drive, Suite 400<br>Dallas, TX  75237-3976<br><br>　　　　Defendant. | Civil Action No.:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff A. F. SUPPLY CORPORATION (AF Supply or Plaintiff) by and through its undersigned attorneys, hereby alleges its Complaint against AMERITECH FACILITY SUPPLY, LLC (Ameritech or Defendant), alleging and stating as follows:

### NATURE OF ACTION

1. This is an action arising under the Trademark Act, also known as the Lanham Act, 15 U.S.C. § 1051, et seq., for common law service mark infringement, false descriptions and representations, false designation of origin, and unfair competition in violation of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a); and for related claims of unfair competition and trademark infringement in violation of Plaintiff's rights under Texas common law.

1

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a), as Plaintiff alleges substantial claims arising under the Lanham Act, as amended, 15 U.S.C. § 1051, et seq., including Section 43(a) thereof, together with related claims under State and common law.

3. This Court has personal jurisdiction over Defendant since Defendant's headquarters in Dallas, Texas is within the geographical boundaries of jurisdiction of this Court.

4. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) in that this is the judicial district in which Defendant resides and a substantial part of the events or omissions giving rise to the claim occurred.

**PARTIES**

5. Plaintiff is a New York corporation having its principal place of business at 942 Lafayette Avenue, Brooklyn, NY 11221.

6. Defendant is a limited liability company of Texas having a place of business at 9050 Autobahn Drive, Suite 400, Dallas, TX 95237-3976.

**FACTUAL ALLEGATIONS**

7. Plaintiff is in the business of selling and distributing building supplies with a particular emphasis on a variety of plumbing related supplies. Plaintiff has been advertising and selling the goods it sells since at least as early as the year 1934 and continuously thereafter to date.

8. In or around 1999, Plaintiff obtained the domain name "www.afsupply.com" (Plaintiff's domain name) for the purpose of advertising and promoting sales of the goods it sells. Exhibit 1 is

a print-out obtained from the well-known Internet Archive accessible at https://web.archive.org showing a display in 1999 explaining that Plaintiff's website was under construction.

9. By the year 2000, Plaintiff's website was in operation. Exhibit 2 shows a page downloaded from the Internet Archive showing a display of the information provided by Plaintiff on its website accessible by inputting Plaintiff's domain name, including links to products and services and contact information so consumers could order and purchase products.

10. Plaintiff's website has been in continuous operation since it first arrived on the Internet in 2000. Exhibit 3 shows a print-out of pages from Plaintiff's website as currently displayed which prominently shows the service mark "AF SUPPLY" on the front page thereof.

11. On October 13, 2021, Plaintiff filed an application for federal registration of the service mark "AF SUPPLY" (Plaintiff's mark) in the U.S. Patent and Trademark Office (USPTO). The application was assigned Serial No. 97/072,614. Exhibit 4 shows a print-out from the website of the USPTO at www.uspto.gov showing that Plaintiff's application seeks coverage of the service mark "AF SUPPLY" for the following services:

> Retail store services featuring Boilers, burners, water heaters, expansion tanks, unit heaters, pipes, pipe nipples, pumps, plumbing fittings, valves, radiators, controls for thermostats, boilers, water heaters, vents, and dampers, filtration systems, oil tanks, tools, and air conditioners; Wholesale store services featuring Boilers, burners, water heaters, expansion tanks, unit heaters, pipes, pipe nipples, pumps, plumbing fittings, valves, radiators, controls for thermostats, boilers, water heaters, vents, and dampers, filtration systems, oil tanks, tools, and air conditioners; On-line retail store services featuring Boilers, burners, water heaters, expansion tanks, unit heaters, pipes, pipe nipples, pumps, plumbing fittings, valves, radiators, controls for thermostats, boilers, water heaters, vents, and dampers, filtration systems, oil tanks, tools, and air conditioners; On-line wholesale store services featuring Boilers, burners, water heaters, expansion tanks, unit heaters, pipes, pipe nipples, pumps, plumbing

> fittings, valves, radiators, controls for thermostats, boilers, water heaters, vents, and dampers, filtration systems, oil tanks, tools, and air conditioners.

In addition, Plaintiff sells under Plaintiff's mark goods including the following: sinks, toilets, bathtubs, faucets, tub fillers, shower sets, bath accessories including towel bars and rings, toilet paper holders, soap dispensers, cabinet pulls and knobs, shower components, shower bases, whirlpool bathtubs, medicine cabinets, vanities, mirrors, bath furniture, towel warmers, and water fountains. Included in the listed "valves" are sink valves, shower valves, bathtub valves, and other varieties of plumbing-related valves. Plaintiff also sells component parts for all of these goods. Plaintiff sells its goods nationwide including into Texas and including, within Texas, within the geographical boundaries of jurisdiction of this Court.

12. In or around the year 2018, Defendant obtained ownership of the domain name "afsupplysource.com" (Defendant's domain name) and constructed a website (Defendant's website) to sell products and services on that website. Exhibit 5 is a screen shot of what Plaintiff believes to be the first version of Defendant's website from 2018. Upon information and belief, Defendant has been operating its website continuously since it first came onto the Internet and to date.

13. Among the products Defendant sells on its website are products within the category of plumbing supplies. Exhibit 6 shows examples of pages from Defendant's website showing the plumbing supplies sold there.

14. Upon information and belief, Defendant employs Plaintiff's service mark "AF SUPPLY" in marketing the sales of goods including plumbing supplies. In this regard, Exhibit 7 shows an e-mail string in which "Sara Kleinfeld," an employee of Defendant, who wrote from the e-mail address sara.kleinfeld@afsupplysource.com, solicited Moen, a prominent manufacturer and

4

distributor of plumbing supplies to see if Moen would agree to set up an account as a distributor. Exhibit 7 shows that Moen sent Ms. Kleinfeld's correspondence to Plaintiff because Moen thought the correspondence was coming from Plaintiff and wanted to seek verification. This evidences actual confusion. Also noteworthy is that Ms. Kleinfeld described the business she was representing as "AF Supply," Plaintiff's service mark.

15. In Fall, 2021, Plaintiff discovered the existence of Defendant's website. On October 28, 2021, Plaintiff's Counsel sent a letter (Exhibit 8) demanding that Defendant choose a replacement domain name that does not create a likelihood of confusion with Plaintiff's mark and that Defendant transfer ownership of the domain name www.afsupplysource.com to Plaintiff. To date, Plaintiff has not received any reply from Defendant to the letter of October 28, 2021.

16. On November 18, 2021, Plaintiff's Counsel sent Defendant a reminder e-mail (Exhibit 9) requesting compliance with the demands set forth in the letter of October 28, 2021, Exhibit 8.

17. Subsequent to the sending of the reminder e-mail, Exhibit 9, Plaintiff's Counsel telephoned Defendant and left a voice mail requesting response and leaving Plaintiff's Counsel's telephone number. To date, there has been no response to the telephone message or to the letter of October 28, 2021.

### FIRST CLAIM FOR RELIEF:
### COMMON LAW FEDERAL TRADEMARK INFRINGEMENT
### UNDER SECTION 43(a) OF THE LANHAM ACT

18. Plaintiff realleges and incorporates the allegations in each of paragraphs 1-17 of this Complaint as if fully set forth herein.

19. Plaintiff claims common law rights in and to the service mark "AF SUPPLY" (Plaintiff's mark) which is the subject of pending application for federal service mark registration Serial No. 97/072,614.

20. Defendant's use of the domain name www.afsupplysource.com in association with marketing, offers for sale, and sales of various products including plumbing supplies, is likely to cause confusion, mistake or deception in the minds of consumers and the general public as to the affiliation, connection, and/or association of Defendant with Plaintiff as to the origin, sponsorship, and/or approval of the services rendered by Defendant when consumers access Defendant's website, at least by creating the false and misleading impression that Defendant's services advertised, marketed, and sold are authorized by or otherwise associated with Plaintiff. This constitutes common law federal trademark infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

21. Defendant's use of the domain name afsupplysource.com in the manner described above is without the permission or authority of Plaintiff.

22. Moreover, as shown in Exhibit 7, Defendant holds itself out as being "AF Supply." This provides further evidence that Defendant is seeking to capitalize upon the goodwill established by Plaintiff in using the service mark "AF SUPPLY" since 1934, to confuse consumers into thinking that Plaintiff and Defendant are somehow affiliated with one another. They are not.

23. Plaintiff is being irreparably injured by Defendant's infringement as described above and has no adequate remedy at law for Defendant's continuing infringement which will irreparably injure Plaintiff unless Defendant is restrained and enjoined from continuing said acts.

24. With particular reference to Exhibit 7, in which Defendant holds themselves out under the service mark "AF SUPPLY," Plaintiff asserts that Defendant's infringement is intentional and willful in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. This is further demonstrated by Defendant ignoring Plaintiff's Counsel's letter of October 28, 2021, the reminder e-mail, and telephone message while continuing to employ their infringing domain name in direct competition with Plaintiff.

## SECOND CLAIM FOR RELIEF:
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. 1125(a)

25. Plaintiff realleges and incorporates the allegations in each of paragraphs 1-24 of this Complaint as if fully set forth herein.

26. Defendant's activities as explained above constitute infringement of the asserted marks, unfair competition, and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

27. Defendant's acts of unfair competition and false designation of origin are without authorization from Plaintiff and have caused and, unless enjoined, will continue to cause substantial and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the asserted mark and the services rendered thereunder.

28. Upon information and belief, Defendant's false designations of origin and unfair competition have been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the products sold under its infringing domain name as well as by the fact that Defendant continues to advertise, market and, upon information and belief, sell plumbing supplies

under the infringing mark, despite Defendant's receipt of the demand letter from Plaintiff's counsel (Exhibit 8).

29. In light of the allegations set forth above, Plaintiff is entitled to injunctive relief, Defendant's profits, Plaintiff's actual damages, enhanced damages, costs, and reasonable attorneys' fees under at least 15 U.S.C. §§ 1114, 1116 and 1117, as well as destruction of any infringing articles under 15 U.S.C. § 1118.

## THIRD CLAIM FOR RELIEF:
## COMMON LAW TRADEMARK INFRINGEMENT

30. Plaintiff realleges and incorporates the allegations in each of paragraphs 1-29 of this Complaint as if fully set forth herein.

31. Plaintiff asserts common law rights in and to the mark "AF SUPPLY" in standard characters (Plaintiff's mark).

32. Defendant's use of the domain name "www.afsupplysource.com" and holding itself out as "AF Supply" to manufacturers and distributors of plumbing supplies is likely to cause confusion, mistake, or deception in the minds of consumers and the general public as to the affiliation, connection and/or association of Defendant with Plaintiff as to the origin, sponsorship and/or approval of Defendant's infringing services, at least by creating the false and misleading impression that Defendant's services advertised, marketed and, upon information and belief, sold, are somehow affiliated with or otherwise associated with Plaintiff.

33. Through extensive and continuous use of the mark "AF Supply" for over 80 years, Plaintiff's mark has become a well-known source indicator for the origin and quality of Plaintiff's services.

34. Defendant's aforesaid acts constitute common law service mark infringement in

violation of Plaintiff's rights under the common law of the State of Texas.

35. Defendant's aforesaid acts have caused and will continue to cause irreparable injury to Plaintiff, and unless these acts are restrained by this Court, Plaintiff will continue to suffer great and irreparable injury.

36. Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF:
## COMMON LAW UNFAIR COMPETITION

37. Plaintiff realleges and incorporates the allegations in each of paragraphs 1-36 of this Complaint as if fully set forth herein.

38. Upon information and belief, Defendant's unlawful acts continue willfully and are likely to continue to confuse, mislead, and deceive purchasers, members of the public, and others, and create in the minds of the public the false impression that Plaintiff is responsible for or at least affiliated with Defendant and their services promoted under their infringing domain name, all to Plaintiff's immediate and irreparable damage, as alleged above.

39. The wrongful conduct of Defendant described above constitutes unfair competition, and if continued will cause irreparable damage to Plaintiff, its goodwill, its service mark, and to its business, general reputation, and reputation in the industry. Such conduct by Defendant constitutes a violation of the common law of the State of Texas.

40. The acts by Defendant described above constitute inequitable conduct, unfair trade practices, and unfair competition under the common law of the State of Texas in that Defendant has misappropriated Plaintiff's goodwill in the development and promotion of Plaintiff's mark, and because there is a likelihood of confusion among consumers.

41. Accordingly, Plaintiff has been damaged, and unless Defendant is restrained and

enjoined, Plaintiff will continue to be damaged by Defendant's acts as described above.

42. Plaintiff is being irreparably injured by Defendant's unfair competition and has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that:

1. The Court enter judgement that:

   (a) Defendant has infringed Plaintiff's service mark "AF SUPPLY" under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

   (b) Defendant has unfairly competed with Plaintiff under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by virtue of its use of the domain name "www.afsupplysource.com" and in light of Plaintiff's service mark "AF SUPPLY";

   (c) Defendant's use of its domain name misrepresents the source or sponsorship of the services it renders within the meaning of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A);

   (d) Defendant is using its domain name and the wording "AF Supply" in a deceptive manner which falsely suggests a connection with Plaintiff within the meaning of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

   (e) Defendant is using the wording "AF Supply" in a manner which is likely to cause confusion within the meaning of Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d); and

   (f) Defendant has otherwise injured Plaintiff's business reputation by using the wording "AF Supply" in the manner complained of herein.

2. The Court enter an order that Defendant and all others in privity or acting in concert with

them be preliminarily and permanently enjoined from:

    (a)  Using the domain name "www.afsupplysource.com" or any similar domain name;

    (b)  Otherwise infringing or diluting the distinctive quality of Plaintiff's service mark "AF SUPPLY";

    (c)  Unfairly competing with Plaintiff or otherwise injuring Plaintiff's business reputation in the manner complained of herein.

3. The Court enter an Order awarding Plaintiff Defendant's profits from its use of the wording "AF Supply" including within Defendant's domain name, all damages sustained by Plaintiff, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

4. The Court enter an Order deeming this case an "exceptional" case given Defendant's willful and intentional infringement of Plaintiff's service mark "AF SUPPLY," and awarding Plaintiff its reasonable attorneys' fees expended in litigating the issues pursuant to 15 U.S.C. § 1117(a).

5. The Court enter an Order pursuant to 15 U.S.C. § 1118 directing Defendant to deliver all labels, signs, prints, packages, wrappers, receptacles, products, shipping cartons, and advertisements in the possession of Defendant bearing the wording "AF Supply" or the domain name "afsupplysource.com" for destruction.

6. The Court enter an Order granting Plaintiff such other relief as the Court deems necessary and appropriate.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

By: */s / H. Jay Spiegel*
H. Jay Spiegel
Plaintiff's Attorney
Virginia State Bar No. 20647
jayspiegel@aol.com
**H. JAY SPIEGEL & ASSOCIATES**
P.O. Box 11
Mount Vernon, VA   22121
Telephone: (703) 619-0101


*/s/ Alison L. Battiste*
Alison L. Battiste, Local Counsel
Texas State Bar No. 24062603
abattiste@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
12770 Coit Road, Suite 600
Dallas, Texas 75251
Telephone: (972) 628-3600

**ATTORNEYS FOR PLAINTIFF**
**A. F. SUPPLY CORPORATION**